RECEIVED CLERK'S OFFICE

2008 MAR 25 A 10:01

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

## In the District Court of the United States
## For the District of South Carolina
### BEAUFORT DIVISION

| | |
|---|---|
| Ramie K. Fleming, #296755,  )  <br>  )  Civil Action No. 9:07-2194-RBH-GCK <br> Petitioner,  ) <br>  ) <br> vs.  )  **REPORT OF MAGISTRATE JUDGE** <br>  ) <br> State of South Carolina and Cecilia Reynolds,  ) <br> Warden of Kershaw Correctional Institution,  ) <br>  ) <br> Respondents.  ) <br> _____ ) | |

The petitioner brought this action seeking relief pursuant to Title 28, United States Code, Section 2254. On December 5, 2007, the respondents filed a motion for summary judgment. By order of this court filed December 6, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On December 19, 2007, the petitioner filed a change of address and the Roseboro Order was sent again to petitioner at his new address. The petitioner elected not to respond.

As the petitioner is proceeding *pro se*, the court filed a second order on January 24, 2008, giving the petitioner an additional twenty days in which to file his response to the motion for summary judgment. The petitioner was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The petitioner elected not to respond.



On February 22, 2008, this Court filed a third order allowing the petitioner until March 21, 2008, to file a response to the summary judgment motion. The order also had the Clerk of Court send petitioner a copy of the respondents' motion for summary judgment with attachments. The petitioner again elected not to respond.

Based on the foregoing, it appears the petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule

41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

_____
George C. Kosko
United States Magistrate Judge

March 24, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).